UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HORACIO DANIEL GOY,                                       Case No.:

Plaintiff, and all others similarly situated under 29
U.S.C. 216(B),

    vs.

GR RESTAURANT MANAGEMENT, LLC,
Z & R, LLC d/b/a COAL MINE PIZZA, also d/b/a
COAL MINE PIZZERIA d/b/a TABLE 42,
G & V 1, LLC d/b/a RACKS,
GARY RACK

    Defendants.
_____/

## COMPLAINT UNDER 29 U.S.C. 201- 216
## OVERTIME WAGE VIOLATION

COMES NOW Plaintiff, by and through undersigned counsel, and states:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendants are corporations that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporations were the FLSA employers for the Plaintiff for the relevant time period. The individual Defendant is/are a corporate officer(s) or owner(s) or manager(s) of the Defendant Corporation GR RESTAURANT MANAGEMENT, LLC who runs the day-to-day operations of the Corporate Defendant(s) for the relevant time period and was/were responsible for paying Plaintiff's wages for the relevant time period. Upon information and belief, the Corporate Defendants were an enterprise and were operated for a common business purpose for the relevant time period.

4. All acts or omissions giving rise to this dispute took place in Dade County.

**FEDERAL STATUTORY VIOLATION**
**(OVERTIME WAGE VIOLATION)**

5. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime wages for worked performed in excess of 40 hours weekly from the filing of this complaint back three years.

6. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

7. 29 U.S.C. § 206 (a) (1) states "… [e]very employer shall pay to each of his employees ….: (1) except as otherwise provided in this section, not less than - (A) $ 5.85 an hour, beginning on the 60th day after the date of enactment of the Fair Minimum Wage Act of 2007 [enacted May 25, 2007]; (B) $ 6.55 an hour, beginning 12 months after that 60th day; and (C) $ 7.25 an hour, beginning 24 months after that 60th day. From 1997 through July 23, 2007, the Federal Minimum Wage was $5.15 an hour. On July 24, 2007 the Federal Minimum Wage was increased for $5.85 an hour. On July 24, 2008 the Federal Minimum Wage was increased to $6.55 an hour. On July 24, 2009 the Federal Minimum Wage was increased to $7.25 an hour.

8. Florida Statute §448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1." As of May 2nd, 2005, Florida's

minimum wage was raised to $6.15/hr. On January 1, 2006, Florida Minimum Wage was increased to $6.40 an hour. On January 1, 2007 Florida Minimum Wage was increased to $6.67 an hour. On January 1, 2008 Florida Minimum Wage was increased to $6.79 an hour. On January 1, 2009 Florida Minimum Wage was increased to $7.21 an hour. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

9. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff worked as a cook for the Defendants regularly for the relevant time period while he worked for the Defendants. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff began work for the Defendant on or about December 8, 2007 through on or about May 16, 2010. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials that he used or transported on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant. Additionally, upon information and belief, the Defendant Corporations

grossed over $500,000 annually for the relevant time period.

11. Plaintiff worked an average of 60 hours per week for the Defendants and was paid an average rate of $14.00 per hour but was never paid overtime wages for any hours worked in excess of 40 hours weekly as required by the Fair Labor Standards Act.

12. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with each Defendant or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

**Respectfully submitted,**

**J.H. ZIDELL**
**ATTORNEY FOR PLAINTIFF**
**300 71st STREET #605**
**MIAMI BEACH, FLORIDA 33141**
**305-865-6766**
**F.B.N. 0010121**
**zabogado@aol.com**

*/s J.H. Zidell*
**J.H. ZIDELL**